## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-CIV-21003-BLOOM/Valle

LAUDERHILL MALL INVESTMENT, LLC,

      **Plaintiff,**

v.

ARCH SPECIALTY INSURANCE COMPANY,

      **Defendant,**

_____/

### ORDER ON PLAINTIFF'S MOTION TO DISMISS[1]

This matter is before the Court upon Plaintiff, Lauderhill Mall Investment, LLC's Motion to Dismiss and/or Strike the Counter-Plaintiff/Defendant's Counterclaim ECF No. [31]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now **GRANTS** Plaintiff's Motion.

### I. INTRODUCTION

Plaintiff, Lauderhill Mall Investment, LLC ("Lauderhill Mall") brings claims against its insurer, Defendant Arch Specialty Insurance Company ("Arch") alleging that Arch has failed to indemnify Lauderhill Mall for damages sustained during the period of the contract. *See* ECF No. [21]. Lauderhill Mall owns and operates the large commercial property consisting of 587,000 square feet of retail and office space. *Id.* at ¶¶ 5, 6. During all relevant times, Lauderhill Mall

---

[1] Defendant's Response was filed on July 10, 2014. ECF No. [35]. Accordingly, Plaintiff's Reply was due July 21, 2014. Although Plaintiff has seemingly opted not to reply, the Motion is nonetheless ripe for adjudication.

asserts that the property was insured by Defendant Arch (the "Policy"). *Id.* at ¶ 2. At some point during the coverage period, while the structure was unoccupied, the building suffered extensive vandalism and theft, prompting Lauderhill Mall to file a claim with Arch for an amount well in excess of $4 million.[2] *Id.* at ¶¶ 7-10, 14, 25. According to the Third Amended Complaint, Arch has consistently refused to actively adjust or make payment on the claim, repeatedly employing tactics to delay payment on the otherwise valid claim. *Id.* at ¶¶ 30-31, 34-35, 37. As a result, Lauderhill Mall filed this action, asserting claims for breach of contract (Count I) and petition for appraisal (Count II).[3] *Id.* at ¶¶ 40-51.

In response, Arch asserted several affirmative defenses, namely, that Lauderhill Mall: (1) did not comply with the terms of the Policy; (2) breached the "Duties in the Event of Loss or Damage" provision of the Policy; (3) breached the "Concealment, Misrepresentation or Fraud" provision of the Policy; (4) breached the "Legal Action Against Us" provision of the Policy; and (5) and did not properly mitigate its damages. *See* ECF No. [39] at 8-12. Additionally, after denying coverage on May 20, 2014, Arch submitted a Counterclaim against Lauderhill Mall, seeking declaratory judgment that it is not liable to Lauderhill Mall for coverage under the Policy. *See* ECF No. [22]. Arch contends that the claim was properly denied by virtue of

---

[2] Lauderhill Mall arrived at this amount through an extensive investigation by its public adjuster, summarized in a detailed, 438-page estimate. ECF No. [21] at ¶ 8, 9; *see also* ECF Nos. [21-2], [21-3], [21-4], and [21-5].

[3] Additionally, Lauderhill Mall's Third Amended Complaint contains a claim for failure to investigate and make payment on a covered claim (Count III). ECF No. [21] at ¶¶ 52-60. However, this count was dismissed in accordance with an Omnibus Order issued on May 12, 2014. *See* ECF No. [20] at 4-5. Granting Lauderhill Mall leave to amend for the third time, the Omnibus Order addressed Lauderhill Mall's Second Amended Complaint [ECF No. [10], not the Complaint presently before the Court. *See* ECF No. [20]. Count III of the Second Amended Complaint and Count III of the Third Amended Complaint are identical. *Compare* ECF No. [21] at ¶¶ 52-60 *with* ECF No. [10] at ¶¶ 47-55. Therefore, the Court assumes that the inclusion of Count III in Lauderhill Mall's Third Amended Complaint was done in error.

Lauderhill Mall's breaches of the "Duties in the Event of Loss or Damage," "Concealment, Misrepresentation or Fraud," and "Legal Action Against Us" provisions of the Policy. *Id.* at ¶¶ 24-25. More specifically, Arch maintains that Lauderhill Mall has consistently failed to comply with the Policy's terms, rebuking Arch's requests for additional information, documentation, and testimony, as well as frustrating its attempts to inspect the property. *Id.* at ¶¶ 11-12, 16-18. Lauderhill Mall vehemently disputes these allegations in its motion to dismiss, directing the Court to numerous facts, located outside the Counterclaim, that dictate a contrary conclusion. *See* ECF No. [31]. Lauderhill Mall avers that it was more than compliant with Arch's investigation. *Id.* It is based on these extrinsic facts that Lauderhill Mall's motion finds its basis. *See id.* at 12-17. In the alternative, Lauderhill Mall claims that Arch's Counterclaim should be stricken as impermissibly redundant under Federal Rule of Civil Procedure 12(f). *Id.* at 17-20.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to

dismiss, a court, as a general rule, must conduct itself in a certain fashion.  First, a court's review is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  Second, a court is obligated to accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).  While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions.  *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  The Supreme Court was clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Lauderhill Mall's main quarrel with Arch's Counterclaim is that it is factually inaccurate. For instance, where the Counterclaim contends that "[n]o inspection has ever been permitted since the submission of the estimate in July, 2013," Lauderhill Mall asserts that Arch has inspected the property on not one, but four occasions, allowing Arch to bring in teams of experts, including adjusters, engineers, and specialized tradesmen to assess the damage.  ECF No. [22] at 14-15 ¶ 17; ECF No. [31] at 3-4 ¶¶ 16, 17, 19-21, 23.  Moreover, while the Counterclaim alleges that Lauderhill Mall has been uncooperative throughout the attempted adjustment of the claim, Lauderhill Mall avers that such accusations are "complete and utter misrepresentation[s]" that are "wholly unsupported."  ECF No. [22] at 14-15 ¶¶ 13, 16-18; ECF No. [31] at 3-4 ¶¶ 13, 18. Irrespective of Lauderhill Mall's contentions, the Court is required to accept the allegations

found in the pleading as true when resolving a motion to dismiss.  While Arch's assertions of fact may indeed be false, such a determination is inappropriate at this stage of litigation.  Rule 12(d) of the Federal Rules of Civil Procedure permits a court to treat a motion to dismiss as one for summary judgment if matters outside the pleadings are presented.  *See* Fed. R. Civ. P. 12(d); *see also Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.").  However, the Rule also dictates that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *Id*; *see also* Fed. R. Civ. P. 56(c).  As the parties have not briefed the current issue in terms of summary judgment, the Court respectfully declines to convert the motion.

Lauderhill Mall's remaining substantive argument attacking Arch's Counterclaim pertains to whether the Counterclaim is impermissibly redundant.  Namely, Lauderhill Mall asserts that the Counterclaim puts forth the same arguments found in Arch's affirmative defenses.  A cursory evaluation of the Counterclaim and Arch's affirmative defenses reveals that this is indeed the case; the policy breaches stated in the Counterclaim are identical to the affirmative defenses raised in Arch's Answer.  *See* ECF Nos. [22] and [39].  Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Considered to be drastic, this remedy is often disfavored by the courts.  *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).  Additionally, because the Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party," the Act grants a court "unique and substantial discretion in deciding whether to declare the rights of

litigants." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (citing 28 U.S.C. § 2201(a)).  Thus, when presented with a redundant counterclaim for declaratory judgment, a court may either strike or dismiss the filing.

When determining whether to exercise jurisdiction over a counterclaim, or, alternatively, whether to dismiss the same as redundant, a court must consider whether the declaratory action serves a useful purpose. *Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (internal quotation omitted).  In order to discern whether a declaratory action serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendant[], would resolve all questions raised by the counterclaim." *Id.* (internal quotation omitted).

As previously noted, Arch has asserted five affirmative defenses to Lauderhill Mall's Third Amended Complaint.  *See* ECF No. [39] at 8-12.  Specifically, Arch contends that Lauderhill Mall: (1) did not comply with the terms of the Policy; (2) breached the "Duties in the Event of Loss or Damage" provision of the Policy; (3) breached the "Concealment, Misrepresentation or Fraud" provision of the Policy; (4) breached the "Legal Action Against Us" provision of the Policy; and (5) and did not properly mitigate its damages.  *Id.*  The affirmative defenses go on to explicitly identify how Lauderhill Mall breached the aforementioned terms and conditions.  *Id.*  Similarly, Arch's Counterclaim presents these same exact issues, merely adding specific facts to support its contentions.  *See* ECF No. [22] at 12-20.

Here, the declaratory relief claims require resolution of the same factual issues found within Lauderhill Mall's breach of contract claim and the affirmative defenses thereto, to wit, whether Lauderhill Mall has complied with the terms and conditions of the Policy and is otherwise entitled to coverage.  If Arch's affirmative defenses are accurate and Lauderhill Mall

is not entitled to coverage, then the relief sought by the purported declaratory judgment will essentially have been determined by the resolution of Lauderhill Mall's Third Amended Complaint.  *See U.S. ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, 2014 WL 186125 (S.D. Fla. Jan. 16, 2014) (dismissing counterclaim because the resolution of the initial claims and defenses would resolve the questions raised in the counterclaim); *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, 2012 WL 1416428, at *3 n.2 (S.D. Fla. Apr. 24, 2012) (finding in the alternative that because the declaratory relief claims required resolution of the same factual issues underlying the plaintiff's breach of contract claim, the declaratory relief claims were subsumed within the defendant's defense to the breach of contract claims).[4]  Therefore, Arch's Counterclaim merits dismissal.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff, Lauderhill Mall Investment, LLC's Motion to Dismiss the Counter-Plaintiff/Defendant's Counterclaim [ECF No. 31] is **GRANTED** and the Motion to Strike contained therein is **DENIED AS MOOT**.

---

[4] Arch contends that this Court's reasoning in *Medmarc* provides more guidance than the above-referenced cases.  In *Medmarc*, this Court noted that "where declaratory relief is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near 'mirror image' of the complaint, because a ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested."  *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 1214, 1217 (S.D. Fla. 2011) (quoting *Procentury Ins. Co. v. Harbor House Club Condo. Assoc., Inc.*, 652 F. Supp. 2d 552, 556-57 (D.N.J. 2009)).  However, the language Arch relies on demonstrates its irrelevance to the instant litigation.  The issues presented here are not ones of contract interpretation; neither party asserts that the provisions at issue are ambiguous.  Rather, the parties' dispute relates to the facts, and whether those facts dictate the conclusion that either Lauderhill Mall or Arch has breached the terms of the Policy.

Defendant Arch Specialty Insurance Company's Counterclaim for Declaratory Judgment, found within its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint, [ECF No. [22] at 12-20] is **DISMISSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 28th day of July 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record